**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC., | CASE NO. 6:12-cv-58-LED |
| Plaintiff, | **Jury Trial Demanded** |
| vs. | |
| TRACBEAM, L.L.C., a Colorado limited liability company, | |
| Defendant. | |

**DEFENDANT TRACBEAM, L.L.C.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S COMPLAINT**

Defendant TracBeam, L.L.C., ("TracBeam") answers the Complaint of TeleCommunication Systems, Inc. ("TCS") and asserts Counterclaims as follows:

## NATURE OF THE CASE

1. TracBeam admits that TCS's Complaint purports to be an action for declaratory judgment of non-infringement and invalidity of two United States patents pursuant to the Declaratory Judgment Act and patents laws of the United States and for other relief. TracBeam denies any remaining allegations of paragraph 1.

## PARTIES

2. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. TracBeam admits that: (i) it is a Colorado limited liability company, (ii) through assignment, it is the owner of all right, title, and interest in U.S. Patent Nos. 7,764,231

and 7,525,484 (collectively, "the Patents"), (iii) it has licensed patents and is the plaintiff in *TracBeam, L.L.C. v. AT&T Inc. et al.*, 11-cv-96 (E.D. Tx.), an action for patent infringement, and (iv) it does not currently sell or offer for sale commercial products. TracBeam denies the remaining allegations in paragraph 3.

**JURISDICTION AND VENUE**

4. TracBeam admits that this action invokes the United States patent laws, and that this Court has subject-matter jurisdiction over patent-law claims. TracBeam denies any remaining allegations of paragraph 4.

5. TracBeam denies that this Court in the Eastern District of Texas has personal jurisdiction over TracBeam "because TracBeam is incorporated in Colorado." TracBeam denies any remaining allegations of paragraph 5.

6. TracBeam denies that venue is proper in the Eastern District of Texas because "TracBeam's principal place of business is within this judicial district." TracBeam denies any remaining allegations of paragraph 6.

**FACTS**

7. TracBeam admits that it is the assignee of U.S. Patent No. 7,764,231 (entitled "Wireless Location Using Multiple Mobile Station Location Techniques"), which issued on July 27, 2010. TracBeam admits that what appears to be a copy of U.S. Patent No. 7,764,231 is attached as Exhibit 1 to TCS's Complaint. TracBeam denies any remaining allegations of paragraph 7.

8. TracBeam admits that it is the assignee of U.S. Patent No. 7,525,484 (entitled "Gateway and Hybrid Solutions for Wireless Location"), which issued on April 28, 2009. TracBeam admits that what appears to be a copy of U.S. Patent No. 7,525,484 is attached

as Exhibit 2 to TCS's Complaint. TracBeam denies any remaining allegations of paragraph 8.

9. TracBeam admits that, on February 25, 2011, it filed suit in the United States District Court for the Eastern District of Texas against AT&T, Inc.; AT&T Mobility, L.L.C.; MetroPCS Communications, Inc.; MetroPCS Wireless, Inc.; Texas RSA 7B3, L.P. d/b/a Peoples Wireless Services; Sprint Nextel Corporation; Sprint Spectrum, L.P.; Nextel of California, Inc.; Nextel Communications of the Mid-Atlantic, Inc.; Nextel of New York, Inc.; Nextel South Corp.; Nextel of Texas, Inc.; Nextel West Corp., and Cellco Partnership d/b/a Verizon Wireless. TracBeam further admits that, on May 19, 2011, it filed an Amended Complaint that included defendants Google, Inc. and Skyhook Wireless, Inc. in addition to the defendants identified in the Complaint of February 25, 2011 (collectively, "Defendants"). TracBeam also admits that the Amended Complaint alleged that Defendants have infringed one or both of the Patents. TracBeam also admits that neither TracBeam's Complaint nor TracBeam's Amended Complaint named TCS as a defendant. TracBeam denies any remaining allegations of paragraph 9.

10. TracBeam admits that the Amended Complaint alleges that Defendants' infringing products and services include, without limitation, products and services for determining the locations of wireless mobile devices. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 concerning TCS's business and therefore denies them. TracBeam denies any remaining allegations of paragraph 10.

11. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. TracBeam admits that it sent a letter, dated August 30, 2011, to TCS regarding TracBeam's patent portfolio. TracBeam further admits that what appears to be a copy of that letter is attached as Exhibit 3 to TCS's Complaint. TracBeam denies any remaining allegations of paragraph 12.

13. TracBeam admits that the Amended Complaint alleges that (1) "AT&T knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted AT&T in written correspondence regarding Plaintiff's wireless location technology and patent applications; AT&T was then directly informed by Plaintiff in 1998 of the international application that later issued as the '231 patent;" (2) "Sprint Nextel knew or should have known of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Sprint Nextel (or one of its predecessor corporations) regarding its wireless location technology and patent applications; Plaintiff then provided detailed information both orally and in writing regarding its wireless location technology to Sprint Nextel (or one of its predecessor corporations) in 1997 pursuant to a non-disclosure agreement that was executed after Plaintiff had filed the international application that later issued as the '231 patent;" and (3) "Verizon (or one of its predecessor corporations) knew of a provisional patent application that led to the '231 patent as early as 1996, when Plaintiff contacted Verizon (or one of its predecessor corporations) regarding Plaintiff's wireless location technology and patent applications; Plaintiff provided additional information regarding its technology to Verizon (or one of its predecessor corporations) in 1997 after Plaintiff had filed the international application that later issued as the '231 patent." TracBeam denies the remaining allegations of paragraph 13.

14. TracBeam admits that the parties dispute direct or indirect infringement by TCS's products and services. TracBeam denies the remaining allegations of paragraph 14.

15. TracBeam denies the allegations of paragraph 15.

**COUNT I**

**Declaration of Non-Infringement of U.S. Patent No. 7,764,231**

16. TracBeam incorporates its responses to the allegations of paragraphs 1 through 15 above.

17. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. TracBeam admits that it sent a letter, dated August 30, 2011, to TCS regarding TracBeam's patent portfolio, including U.S. Patent No. 7,764,231. TracBeam is without knowledge or information sufficient to form a belief as to the customer relationships of TCS. TracBeam denies the remaining allegations of paragraph 18.

19. TracBeam denies the allegations of paragraph 19.

20. TracBeam admits that the parties dispute direct or indirect infringement by TCS's products and services of U.S. Patent No. 7,764,231. TracBeam denies any remaining allegations of paragraph 20.

21. TracBeam denies the allegations of paragraph 21.

**COUNT II**

**Declaration of Invalidity of U.S. Patent No. 7,764,231**

22. TracBeam incorporates its responses to the allegations of paragraphs 1 through 22 above.

23. TracBeam denies the allegations of paragraph 23.

24. TracBeam admits that there appears to be a dispute between TracBeam and TCS regarding the validity of U.S. Patent No. 7,764,231. TracBeam denies any remaining allegations of paragraph 24.

25. TracBeam denies the allegations of paragraph 25.

**COUNT III**

**Declaration of Non-Infringement of U.S. Patent No. 7,525,484**

26. TracBeam incorporates its responses to the allegations of paragraphs 1 through 25 above.

27. TracBeam is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. TracBeam admits that it sent a letter, dated August 30, 2011, to TCS regarding TracBeam's patent portfolio, including U.S. Patent No. 7,525,484. TracBeam is without knowledge or information sufficient to form a belief as to the customer relationships of TCS. TracBeam denies the remaining allegations of paragraph 28.

29. TracBeam denies the allegations in paragraph 29.

30. TracBeam admits that the parties dispute direct or indirect infringement by TCS's products and services of U.S. Patent No. 7,525,484. TracBeam denies any remaining allegations of paragraph 30.

31. TracBeam denies the allegations in paragraph 31.

**COUNT IV**

**Declaration of Invalidity of U.S. Patent No. 7,525,484**

32. TracBeam incorporates its responses to the allegations of paragraphs 1 through 31 above.

33. TracBeam denies the allegations in paragraph 33.

34. TracBeam admits that there appears to be a dispute between TracBeam and TCS regarding the validity of U.S. Patent No. 7,525,484. TracBeam denies any remaining allegations of paragraph 34.

35. TracBeam denies the allegations in paragraph 35.

**REQUESTED RELIEF**

TracBeam denies that TCS is entitled to any of the requested relief and denies any allegations.

**JURY DEMANDED**

TCS's demand for a trial by jury for all issues triable to a jury does not state any allegation, and TracBeam is not required to respond. To the extent that any allegations are included in the demand, TracBeam denies these allegations.

**COUNTERCLAIMS**

1. Plaintiff TracBeam, L.L.C. ("Plaintiff" or "TracBeam") owns the inventions described and claimed in United States Patent Nos. 7,764,231 entitled "Wireless Location Using Multiple Mobile Station Location Techniques" (the "'231 patent") and 7,525,484 entitled "Gateway and Hybrid Solutions for Wireless Location" (the "'484 patent") (collectively "the Patents").
2. TeleCommunication Systems, Inc. ("TCS") has used and continues to use Plaintiff's patented technology in products and/or services that it makes, uses, imports, sells, and/or offers to sell.
3. TracBeam seeks damages for patent infringement and an injunction preventing TCS from making, using, selling, or offering to sell, and from contributing to and inducing others to

make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

**Parties**

4. Plaintiff TracBeam is a limited liability company existing under and by virtue of the laws of the State of Colorado.

5. On information and belief, TCS is a Maryland corporation with its principal place of business at 275 West Street, Annapolis, Maryland.

**Patents**

6. The United States Patent and Trademark Office issued the '231 patent (attached as exhibit A) on July 27, 2010; and the '484 patent (attached as exhibit B) on April 28, 2009. Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for infringement of the Patents.

**Jurisdiction and Venue**

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

8. TCS has committed acts and continues to commit acts within this judicial district giving rise to this action.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and/or § 1400.

**First Claim for Patent Infringement**
**(Infringement of the '231 patent)**

10. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 9 above and further alleges as follows:

11. The United States Patent and Trademark Office issued the ‘231 patent on July 27, 2010. Plaintiff is the owner of the ‘231 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

12. Without a license or permission from Plaintiff, TCS has infringed and is continuing to infringe one or more claims of the ‘231 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. TCS’s infringing products and services include, without limitation, its platform, products and services for determining the locations of wireless mobile devices. TCS, which has knowledge of the ‘231 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of TCS’s products and services.

13. TCS’s infringement of the ’231 patent has been and continues to be willful. Upon information and belief, TCS knew or should have known of an objectively high likelihood that its actions constituted infringement of the ‘231 patent no later than May 2011, when TCS agreed to indemnify MetroPCS after the latter had been named in *TracBeam v. AT&T Inc. et al.*, 6:11-cv-96 (E.D. Tx.) as a defendant for infringement of the ‘231 patent as a partial result of products or services allegedly provided to MetroPCS by TCS. TCS disregarded and continues to disregard this objective risk.

14. As a result of TCS’s infringement of the ‘231 patent, Plaintiff has been damaged and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless TCS is enjoined from continuing to infringe the ‘231 patent.

15. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from TCS to compensate it for TCS's infringement of the '231 patent.

**Second Claim for Patent Infringement**
**(Infringement of the '484 patent)**

16. Plaintiff incorporates by reference each of the allegations in paragraphs 1–15 above and further alleges as follows:

17. The United States Patent and Trademark Office issued the '484 patent on April 28, 2009. Plaintiff is the owner of the '484 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

18. Without a license or permission from Plaintiff, TCS has infringed and is continuing to infringe one or more claims of the '484 patent and, unless enjoined, will continue to do so, by making, using, providing, selling, offering for sale, or importing infringing products and services. TCS's infringing products and services include, without limitation, its platform, products and services for determining the locations of wireless mobile devices. TCS, which has knowledge of the '484 patent, has also actively and knowingly contributed to and induced, and continues to actively and knowingly contribute to and induce, infringement by users of TCS's products and services.

19. TCS's infringement of the '484 patent has been and continues to be willful. Upon information and belief, TCS knew or should have known of an objectively high likelihood that its actions constituted infringement of the '484 patent no later than May 2011, when TCS agreed to indemnify MetroPCS after the latter had been named in *TracBeam v. AT&T Inc. et al.*, 6:11-cv-96 (E.D. Tx.) as a defendant for infringement of

the ‘484 patent as a partial result of products or services allegedly provided to MetroPCS by TCS. TCS disregarded and continues to disregard this objective risk.

20. As a result of TCS's infringement of the ‘484 patent, Plaintiff has been damaged and will continue to suffer additional, irreparable damage, in an amount not yet determined, and will suffer an impairment of the value of its patent rights unless TCS is enjoined from continuing to infringe the ‘484 patent.

21. Pursuant to 35 U.S.C. § 281, Plaintiff is entitled to recover damages from TCS to compensate it for TCS's infringement of the ‘484 patent.

**Jury Demand**

22. Plaintiff demands trial by jury of all issues relating to its claims regarding the ‘231 and ‘484 patents.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A. A judgment in favor of Plaintiff that TCS has infringed the ‘231 and ‘484 patents;

B. A judgment and order finding that TCS has willfully infringed the ‘231 and ‘484 patents;

C. A decree preliminarily and permanently enjoining TCS as well as its officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe the ‘231 and ‘484 patents;

D. A judgment and order requiring TCS to pay Plaintiff compensatory damages, costs, expenses, and pre- and post-judgment interest for TCS's infringement of the ‘231 and ‘484 patents, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this patent infringement case is exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F. Any and all other relief to which Plaintiff may be entitled.

Dated: February 27, 2012

Respectfully submitted,

By: /s/ Elizabeth L. DeRieux

Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Richard E. Lyon
CA State Bar No. 229288
Email: rick@dovellaw.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com

PARKER & BUNT, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

ATTORNEYS FOR PLAINTIFF
TRACBEAM, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of February, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux