**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TELECOMMUNICATION SYSTEMS, INC. <br><br> Plaintiff, <br><br> v. <br><br> TRACBEAM, L.L.C., <br><br> Defendant. | C.A. No. 6:12-cv-0058-LED <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF TELECOMMUNICATION SYSTEMS, INC.'S ANSWER TO
DEFENDANT TRACBEAM L.L.C.'S COUNTERCLAIMS**

Plaintiff TeleCommunication Systems, Inc. ("TCS"), by and through its undersigned counsel, submits this Answer to TracBeam, L.L.C.'s ("TracBeam") Counterclaims ("Counterclaims") as follows. Except as expressly admitted below, TCS denies each and every allegation in TracBeam's Counterclaims.

**COUNTERCLAIMS**

1. TCS admits that TracBeam purports to own the inventions described and claimed in U.S. Patent Nos. 7,764,231 ("the '231 patent") and 7,525,484 ("the '484 patent") (collectively "the patents-in-suit").

2. TCS denies that it has used and continues to use TracBeam's patented technology in products and/or services that it makes, uses, imports, sells, and/or offers to sell.

3. TCS admits that TracBeam seeks damages for patent infringement and injunctive relief for alleged acts of patent infringement of the '231 patent and the '484 patent, but denies that any acts of infringement, directly, indirectly, by contribution, or by

inducement have occurred or that injunctive relief and damages are warranted. TCS expressly denies engaging in any act of patent infringement of the patents-in-suit, and denies that TracBeam has suffered any irreparable injury.

## PARTIES

4. TCS admits that TracBeam purports to be a limited liability company existing under and by virtue of the laws of the state of Colorado.

5. TCS admits that it is a Maryland corporation with its principal place of business at 275 West Street, Annapolis, Maryland.

## PATENTS

6. TCS admits that the U.S. Patent and Trademark Office issued the '231 patent on July 27, 2010, and the '484 patent on April 28, 2009, and that TracBeam attached each patent as Exhibits A and B, respectively. TCS admits that the United States Patent and Trademark Office assignment database for the '231 patent reflects assignment from the inventors to Intellabs, LLC recorded October 25, 1999 and a subsequent assignment from Intellabs, LLC to TracBeam, LLC recorded November 27, 2000. TCS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Counterclaims, and therefore denies those allegations.

## JURISDICTION AND VENUE

7. TCS admits that TracBeam has brought an action for patent infringement under 35 U.S.C. §§ 271 and 281, *et seq.*, but denies that any such infringement has occurred. TCS admits that this Court has jurisdiction over patent infringement actions under 28 U.S.C. § 1338(a).

8. TCS denies that it has committed or continues to commit any infringing acts within this judicial district that give rise to this action.

9. TCS admits, for purposes of this action, that venue is proper as to TCS in this district pursuant to 28 U.S.C. § 1391(b) and/or § 1400.

**FIRST CLAIM FOR PATENT INFRINGEMENT**
(Infringement of the '231 patent)

10. TCS incorporates by reference its responses to Paragraphs 1-9 of the Counterclaims.

11. TCS admits that the U.S. Patent and Trademark Office issued the '231 patent on July 27, 2010. TCS incorporates by reference Paragraph 6 with respect to the ownership of the '231 patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Counterclaims, and therefore denies those allegations.

12. TCS admits that it does not have a license to the '231 patent, but denies that a license, authority, or permission is necessary or required because it does not infringe on any valid claim of the '231 patent. TCS further denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '231 patent. TCS also denies that it had any knowledge of the '231 patent until around May 2011, when MetroPCS requested indemnification in a suit filed against it by TracBeam (6:11cv96 (EDTX)) ("the Lead case"), and denies that it has infringed or continues to infringe the claims of the '231 patent in any way, whether actively, knowingly, by contribution, or by inducement.

13. TCS denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '231 patent and further

denies that any willful infringement has occurred. TCS denies the remaining allegations in Paragraph 13 of the Counterclaims.

14. TCS denies that it infringes the '231 patent, and denies that TracBeam has suffered any irreparable injury, or has been damaged or injured by TCS, irreparably or otherwise. TCS further denies that TracBeam is entitled to any damages or an injunction, because no infringement by TCS of any valid claim of the '231 patent has occurred or continues to occur.

15. TCS denies that it has infringed the '231 patent, and therefore denies that TracBeam is entitled to recover damages from TCS.

## SECOND CLAIM FOR PATENT INFRINGEMENT
**(Infringement of the '484 patent)**

16. TCS incorporates by reference its responses to Paragraphs 1-15 of the Counterclaims.

17. TCS admits that the U.S. Patent and Trademark Office issued the '484 patent on April 28, 2009. TCS incorporates by reference Paragraph 6 with respect to the purported ownership of the '484 patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Counterclaims.

18. TCS admits that it does not have a license to the '484 patent, but denies that a license, authority, or permission is necessary because it does not infringe on any valid claim of the '484 patent. TCS further denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '484 patent. TCS also denies that it had any knowledge of the '484 patent until around May 2011, when MetroPCS requested indemnification in the Lead case, and

denies that it has infringed or continues to infringe the claims of the '484 patent in any way, whether actively, knowingly, by contribution, or by inducement.

19. TCS denies that its products and services for determining the locations of wireless mobile devices infringe one or more of the claims of the '484 patent and further denies that any willful infringement has occurred. TCS denies the remaining allegations in Paragraph 19 of the Counterclaims.

20. TCS denies that it infringes the '484 patent, and denies that TracBeam has suffered any irreparable injury, or has been damaged or injured by TCS, irreparably or otherwise. TCS further denies that TracBeam is entitled to any damages or an injunction, because no infringement by TCS of any valid claim of the '484 patent has occurred or continues to occur.

21. TCS denies that it has infringed the '484 patent, and therefore denies that TracBeam is entitled to recover damages from TCS.

## JURY DEMAND

22. TCS admits that TracBeam had demanded a trial by jury of all issues relating to its claims regarding the '231 and '484 patents so triable.

## PRAYER FOR RELIEF

TCS denies that TracBeam is entitled to any relief in this action with respect to the allegations against TCS and asks the Court to deny any and all of such relief requested by TracBeam in its Counterclaims.

## AFFIRMATIVE DEFENSES

Further answering the Counterclaims, TCS asserts the following defenses in response to the allegations of the Counterclaims, undertaking the burden of proof only as

to those defenses required by law, regardless of how such defenses are denominated below. TCS reserves the right to amend this Answer with additional defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

TCS does not directly infringe, indirectly infringe, contribute to any infringement, or induce the infringement, willfully or otherwise, of any valid claim of the patents-in-suit. TCS does not infringe and has not infringed any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

On information and belief, after a reasonable opportunity for further investigation and/or discovery, one or more of the asserted claims of the patents-in-suit are invalid for their failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, and more particularly fail to comply with one or more of the requirements of 35 U.S.C. § 101, § 102, § 103, and/or § 112.

### THIRD AFFIRMATIVE DEFENSE
(Limitation on Damages)

On information and belief, TracBeam's claims for relief and prayer for damages with respect to TCS may be limited under 35 U.S.C. § 287(a). To the extent that TracBeam is required to comply with the actual or constructive notice requirements of 35 U.S.C. § 287(a), TCS did not have any knowledge of the patents-in-suit until around the May 2011 request for indemnification from MetroPCS. Moreover, TCS did not have any actual notice of the patents-in-suit until the August 30, 2011 letter from TracBeam notifying TCS of its patent portfolio. Under these circumstances, TCS cannot be liable

for any alleged infringement of the patents-in-suit predating its receipt of actual notice of infringement from TracBeam.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Liability for Indirect Infringement)

As TCS was unaware of the patents-in-suit until around the May 2011 request for indemnification from MetroPCS, and did not receive actual notice until the August 30, 2011 letter from TracBeam, it could not have had the requisite knowledge of the patents-in-suit that would be necessary for a finding that TCS indirectly infringed the patents-in-suit before that date. Accordingly, TCS cannot be liable for alleged indirect infringement, inducement, or contributory infringement of the patents-in-suit before its receipt of actual notice of infringement from TracBeam on August 30, 2011.

### FIFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

TracBeam is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for TCS' alleged infringement of the patents-in-suit.

### SIXTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498)

The allegedly infringing systems/products were made or used for the United States Government with the Government's authorization or consent. Pursuant to 28 U.S.C. § 1498, TracBeam's sole remedy is by action against the Government in the United States Court of Federal Claims.

### PRAYER FOR RELIEF

WHEREAS, TCS prays for entry of judgment as set forth in its Complaint and further prays that all relief sought by TracBeam be denied. TCS further prays that

TracBeam's Counterclaims be dismissed with prejudice, that it be awarded reasonable attorneys' fees in accordance with 35 U.S.C. § 285, costs be awarded to TCS, and TCS be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

TCS demands trial by jury of all issues so triable.

Respectfully submitted,

Date: March 22, 2012
                        */s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON, A PROFESSIONAL CORPORATION
110 N. College Avenue, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Edward A. Pennington (*pro hac vice*)
Stephanie D. Scruggs (*pro hac vice*)
Siddhesh V. Pandit (*pro hac vice*)
Murphy & King, P.C.
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com
sds@murphyking.com
svp@murphyking.com

*Attorneys for Plaintiff TeleCommunication Systems, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on March 22, 2012. All other counsel will be served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.